### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH A. PIRNIE, | ) |
|               Plaintiff, | )      4:05CV3266 |
| v. | )      ORDER |
| CATHER & SONS CONSTRUCTION, INC., | ) |
|               Defendant. | ) |

This matter is before the court on the plaintiff's Motion to Compel (Filing No. 36) and the defendant's Motion to Compel and Motion for Enlargement of Time (Filing No. 60). The motions have been fully briefed.

### BACKGROUND

In the complaint, the plaintiff alleges he was employed by the defendant as a rock truck driver, delivery person and security guard. In the summer of 1999, the plaintiff suffered from kidney failure and was required to have dialysis several days a week. The defendant allowed the plaintiff to modify his work schedule to receive dialysis. The plaintiff states he also suffered from arthritis, back problems, hypertension, insulin-dependant diabetes, renal disease and other medical conditions. In August 2003, the plaintiff sustained a work-related injury and underwent the amputation of a toe. Although the plaintiff was on medical leave from his duties as a rock truck driver, he continued his duties as a security guard. In March 2004, after the plaintiff informed the defendant he was released to return to work as a rock truck driver, the defendant terminated him from employment. The plaintiff alleges two non-disabled employees who had not sustained work-related injuries were hired to replace the plaintiff. Based on these allegations, the plaintiff filed suit for violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12112 *et seq.*; the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. § 20-148; and Nebraska public policy.

The matter is before the court at this time regarding various discovery disputes between the parties. On February 22, 2006, the plaintiff served discovery on the

defendant. In March and April 2006, the defendant served objections and responses to the requests. **See** Filing Nos. 24 and 34 - Notices of Mailing. On June 6, 2006, the defendant served supplemental responses to the plaintiff's discovery requests. The plaintiff alleges that, in the 2 to 3 weeks prior to filing the motion to compel, counsel for the parties engaged in telephonic communications regarding the discovery disputes at issue in the motion, but were unable to resolve the issues. **See** Filing No. 38, Exhibit A. On August 4, 2006, the plaintiff filed a motion to compel supplemental responses to number interrogatories and requests for production. **See** Filing No. 36. In response, the defendant states it provided supplemental responses August 14, 2006, and removed its objections to all discovery requests except for Interrogatory Nos. 9 and 10 and Request for Production Nos. 9, 10, 20 and 40. **See** Filing No. 46. In reply, the plaintiff contends the parties still dispute Interrogatory Nos. 3, 6, 9 and 10 and Request for Production Nos. 2 - 4, 15, 20, 30, 32-34, 36 and 40-42. The court will address each of the disputed issues below.

On August 11, 2006, the defendant served on the plaintiff its First Requests for Admissions and its Second Interrogatories and Requests for Production of Documents. **See** Filing No. 45 - Notice of Mailing. On August 21, 2006, the plaintiff served objections to each request and each interrogatory served. **See** Filing No. 54 - Notice of Service; Filing No. 61, Exhibits 2 and 3. The defendant states counsel conferred on August 17, 24, 25 and 28, 2006, regarding the discovery at issue including the production of tax returns and an authorization for Social Security records. However, counsel have been unable to resolve the discovery dispute. On August 28, 2006, the defendant filed a motion seeking an order compelling the discovery sought or an extension of the discovery deadline and trial date. The court will address the defendant's motion below.

The pretrial conference in this matter is currently scheduled for September 27, 2006, and trial is currently scheduled for October 16, 2006. **See** Filing Nos. 32 and 67.

## ANALYSIS

### A.   Plaintiff's Motion to Compel

The plaintiff seeks an order compelling the defendant to provide supplemental answers to interrogatories and requests for production of documents. **See** Filing No. 36.

The plaintiff filed a brief (Filing No. 37), a reply brief (Filing No. 57) and an index of evidence (Filing No. 38) in support of the motion. The defendant filed a brief (Filing No. 46) in opposition to the motion.

### 1.     Interrogatories

Federal Rule of Civil Procedure 33 provides:

> (b)(1) Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.
>
> * * * *
>
> (b)(4) All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.

Fed. R. Civ. P. 33. The Advisory Committee Notes state that "objections must be specifically justified, and . . . unstated or untimely grounds for objection ordinarily are waived." **Advisory Committee Notes, Fed. R. Civ. P. 33** (1993 Amendments).

The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. **St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.**, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections). Bare assertions that discovery requested is overly broad, unduly burdensome, oppressive or irrelevant are ordinarily insufficient to bar production. **Id.** "The party resisting discovery must show specifically how . . . each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive." **Id.** (citations omitted). The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. **See Wagner v. Dryvit Sys., Inc.**, 208 F.R.D. 606, 610 (D. Neb. 2001). This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents. **See id.**

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). "To assess relevance in a given case, the court must view the matter in light of the specific claims and defenses asserted by the parties." *Fletcher v. Atex, Inc.*, 156 F.R.D. 45, 48 (S.D.N.Y. 1994) (citations omitted). "[I]t is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken." *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998) (**citing** *Oppenheimer Fund*, 437 U.S. at 351-52). In the end, however, courts have "wide discretion with respect to discovery matters." *Spangler v. Sears, Roebuck and Co.*, 138 F.R.D. 122, 123 (S.D. Ind. 1991) (citations omitted); **see** *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998).

It is insufficient for the party objecting to discovery based on relevance to simply make conclusory allegations that the request is irrelevant. *Burnett v. Western Res. Inc.*, CIV. A. No. 95-2145-EEO, 1996 WL 134830, *4 (D. Kan. Mar. 21, 1996). If the discovery sought appears relevant, the opposing party bears the burden of specifically showing how each discovery request is irrelevant. *Id.* However, a threshold showing of relevance is necessary before production of information, which does not reasonably bear on the issues in the case, is required. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1993). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case. **See** *Cervantes v. Time, Inc.*, 464 F.2d 986, 994 (8th Cir. 1972). Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy, for purposes of discovery, has been defined by the United States Supreme Court as encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund*, 437 U.S. at 351. Discovery requests should be considered relevant if there is any possibility that the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear that the information sought can have no possible bearing on the subject matter of the action. **See** *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121 (M.D.N.C. 1989); *Morse Diesel, Inc. v. Fidelity & Deposit Co.*, 122 F.R.D. 447 (S.D.N.Y. 1988).

4

Interrogatory No. 3 seeks for all former employees identified in Interrogatory No. 2, "all facts and circumstances surrounding each person's separation or termination from employment." **See** Filing No. 47, Exhibit 6. In response, the defendant referenced its response to Interrogatory No. 2 where the defendant had listed both current and former employees, positions held, dates of employment and physical or mental disabilities. The defendant also has a column noting the reason for separation, for example "quit," "retired" or "n/a" if the person is still employed. The list includes nearly seventy-five individuals, with the majority of them either having quit or they are still employed. The plaintiff contends the information sought is relevant to whether the plaintiff was treated in a manner consistent with other current or former employees.

The court finds the plaintiff has failed to meet his threshold burden of showing the information sought regarding any employee who quit, retired or passed away is relevant to the plaintiff's claims. However, because the defendant does not otherwise object to the Interrogatory, the defendant shall supplement its response to provide the facts and circumstances surrounding each other individual's separation from employment because the response to Interrogatory No. 2 is insufficient in that regard.

Interrogatory No. 6 seeks "all non-privileged conversations between any and all persons regarding the decision to terminate the Plaintiff from both of his positions with the Defendant." **See** Filing No. 47, Exhibit 6. The defendant referenced its response to Interrogatory No. 1, which states, in part, "Thomas Petsch and Robert Cather participated in the decision to assign the rock truck position to Larry Bower in September 2003." *Id.* The plaintiff asserts the response fails to provide the substance of the conversation in September 2003. The defendant has failed to object or provide justification for failure to provide the substance of the conversation, accordingly the defendant shall supplement its response to Interrogatory No. 6 as requested.

Interrogatory No. 9 seeks the value of the plaintiff's earnings and benefits had he remained employed by the defendant from August 2003 to the present. *Id.* The defendant objected to the interrogatory as vague, ambiguous, unduly burdensome and because it requires the defendant to speculate on a hypothetical situation. *Id.* The defendant "believes its objections [to this interrogatory] are proper." **See** Filing No. 46 - Defendant's

Brief p. 2.  The plaintiff seeks an order compelling the defendant to respond to the extent there has been a change of benefits made available to other employees.  The defendant has failed to meet its burden to show facts justifying its objections.  Since the plaintiff has met his threshold burden of showing the interrogatory is relevant, the defendant shall supplement its response to provide the requested information.

Interrogatory No. 10 seeks information about current or former employees who sustained a work-related injury, including the nature of the injury and the total benefits paid by the defendant or its workers compensation carrier.  **See** Filing No. 47, Exhibit 6.  The defendant objected to the interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  *Id.*  Additionally, the defendant stated the interrogatory seeks personal and confidential information.  *Id.*  The plaintiff contends the requested information is basic comparator information to determine whether the plaintiff was treated the same as other injured workers.  Additionally, the plaintiff contends the information would provide evidence of the defendant's state of mind.  While the defendant's treatment of other injured workers may be relevant to the plaintiff's claims, the amount of benefits paid by the defendant or its workers compensation carrier is not relevant, nor could it lead to the discovery of admissible evidence.  Accordingly, the plaintiff's motion to compel is denied with regard to Interrogatory No. 10.

### 2. Requests for Production

With regard to production of documents and things, Fed. R. Civ. P. 34(b) provides:

> The party upon whom the request is served shall serve a written response within 30 days after the service of the request. . . . The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.

**See** Fed. R. Civ. P. 34(b).

Additionally, "[a]ll discovery requests are a burden on the party who must respond thereto.  Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden."

6

***Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Caton***, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). The District Court has discretion to limit the scope of discovery, if it has a good reason to do so. ***Credit Lyonnais***, 160 F.3d at 431.

The plaintiff seeks additional discovery related to Request for Production Nos. 2 - 4, 15, 20, 30, 32-34, 36 and 40-42. **See** Filing No. 57. The defendant states it only maintains its objections to Request for Production Nos. 9, 10, 20 and 40. **See** Filing No. 46. However, the court must evaluate the substance of each of these disputed requests.

Request for Production No. 2 seeks "Copies of any and all documents which relate to Interrogatory No. 2," which asks for the names, dates of employment and status of every current and former employee of the defendant from 2000 to the present. **See** Filing No. 47, Exhibit 7; **see also** Interrogatory No. 2 discussed **supra**. Similarly, Request for Production No. 3 seeks those documents related to Interrogatory No. 3, discussed above. Also, Request for Production No. 30 seeks "[c]opies of personnel files of the employees continued [sic] their employment (not subject [to] seasonal layoff) during the winter of 2003, 2004 and 2005." **See** Filing No. 47, Exhibit 7. The plaintiff now states he wants production of all of the defendant's employee personnel files, but was only provided the files for six employees.

Requests for production should identify categories of documents with reasonable precision. ***Schartz v. Unified Sch. Dist. No. 512***, No. Civ. A. 95-2491-EEO, 1996 WL 741384, *1 (D. Kan. Dec. 18, 1996). "If an omnibus phrase modifies a sufficiently specific type of information or documents, the request may survive an objection that it is overly broad. If it modifies general categories of information or documents, however, the discovery request is generally objectionable, as overly broad or unduly burdensome." ***Id.*** (concluding request seeking all documents used to calculate damages and request seeking all documents for the plaintiff's accounts were sufficiently precise). "A party resisting facially overbroad or unduly burdensome discovery need not provide specific, detailed support." ***Cotracom Commodity Trading Co. v. Seaboard Corp.***, 189 F.R.D. 655, 665 (D. Kan. 1999) (citation omitted). The District Court has discretion to limit the scope of discovery, if it has a good reason to do so. ***Credit Lyonnais v. SGC Int'l, Inc.***, 160 F.3d 428, 431 (8th Cir. 1998). A court requires no further response when inadequate guidance

7

exists to determine the proper scope of a request for discovery. **Cotracom**, 189 F.R.D. at 666. Furthermore, generally, the confidential information kept in personnel files is not discoverable. **Knoll v. American Tel. & Tel. Co.**, 176 F.3d 359, 365 (6th Cir. 1999) (Plaintiff not allowed to discover personnel file of a nonparty employee.); **Gehring v. Case Corp.**, 43 F.3d 340, 342 (7th Cir. 1994) (upholding District Court decision that releasing personnel files of others would violate privacy interests), **cert. denied**, 515 U.S. 1159 (1995). "Moreover, personnel files contain perhaps the most private information about an employee within the possession of an employer." **Whittingham v. Amherst College**, 164 F.R.D. 124, 127 (D. Mass. 1995) (denied motion to compel personnel files without particularized showing of information related to similarly situated employees in disparate treatment case). "[T]he very act of disclosing an employee's sensitive and personal data is a highly, and frequently, an unnecessarily intrusive act. . . . Moreover, production of the files in their entirety should not be ordered where the relevant information may be obtained by resort to less intrusive means of discovery." **Raddatz v. The Standard Register Co.**, 177 F.R.D. 446, 447-48 (D. Minn. 1997).

The plaintiff has failed to meet his burden of showing that a perusal through the personnel files for every current and past employee of the defendant is relevant to the instant action. Further, to the extent the plaintiff's request for production can be construed to include such information it is overly broad. Under the circumstances of this case and in light of the other discovery produced it would be unnecessarily intrusive to allow the plaintiff such access. Accordingly, the plaintiff's motion to compel a supplemental response to Request for Production Nos. 2, 3 and 30 are denied.

Request for Production No. 4 seeks copies of all documents related to Interrogatory No. 4 supporting the defendant's allegation the plaintiff had poor work performance. **See** Filing No. 47, Exhibits 6 and 7. The plaintiff contends the defendant's response "*See* Response to Request No. 2" is inadequate and requests an order requiring the defendant to be more specific.

Fed. R. Civ. P. 34 states:

> A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall

> organize and label them to correspond with the categories in the request.

The defendant's response to Request for Production No. 2 lists over a hundred separate documents by description. The list includes the plaintiff's personnel file and time cards for 1997 through 2003. To the extent the defendant has provided all of the responsive documents in its possession, it need not supplement its response to Request for Production No. 4. The defendant need not further specify individual documents as responsive to the request. The defendant has complied with its obligation by listing the documents. The plaintiff does not contend that the defendant produced a large quantity of unorganized documents. **See *Wagner***, 208 F.R.D. 610 (noting "producing large amounts of documents in no apparent order does not comply with a party's obligation under Rule 34"); **see also *Stiller v. Arnold***, 167 F.R.D. 68, 70-71 (N.D. Ind. 1996) (sanctions awarded when party produced 7000 pages which were not organized or labeled for inspection).

The parties presented the same issues with regard to Request for Production Nos. 15, 32, 33, 34, 36, 41 and 42. Accordingly, to the extent the defendant has provided all of the responsive documents in its possession, it need not supplement its response to Request for Production Nos. 15, 32, 33, 34, 36, 41 and 42.

Request for Production No. 20 seeks copies of "all documents which reflect the costs and coverage of workers' compensation insurance for the Defendant prior to and subsequent to the Plaintiff's work related injury and all documents reflecting the change in insurance rates or coverage. **See** Filing No. 47, Exhibit 7. The defendant objected stating such request is not reasonably calculated to lead to the discovery of admissible evidence. ***Id.*** The plaintiff contends such information is relevant to the defendant's financial motive for denying the plaintiff's return to work and how the defendant is affected by work-related injury claims. The court finds the plaintiff has failed to meet his threshold burden of showing the insurance information sought is relevant to the plaintiff's claims.

Request for Production No. 40 seeks "all documents demonstrating the attendance of any and all persons employed by the Defendant from 2000 through the present." **See** Filing No. 47, Exhibit 7. The defendant objected to the request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the defendant stated the request seeks personal and confidential information. ***Id.*** Although

the defendant alleges the plaintiff's attendance was problematic, the plaintiff has failed to show how viewing all employee's attendance records serves as anything more than a fishing expedition in this matter. Accordingly, since the plaintiff has failed to meet his burden of showing a threshold relevance for the discovery, the plaintiff's motion to compel supplemental responses to Request for Production No. 40 is denied.

**B.    Defendant's Motion to Compel and Motion for Enlargement of Time**

The defendant seeks an order compelling the plaintiff to remove certain objections to discovery requests and provide supplemental responses to interrogatories and requests for production of documents. **See** Filing No. 60. The defendant also seeks an order requiring the plaintiff to sign an authorization allowing the defendant to obtain the plaintiff's Social Security records. *Id.* In the alternative, the defendant seeks an extension of the discovery deadline by thirty days and a continuance of trial, now scheduled for October 16, 2006. *Id.* The defendant filed an index of evidence (Filing No. 61) in support of the motion. The plaintiff filed a brief (Filing No. 64) and an index of evidence (Filing No. 70) in opposition to the motion.

The plaintiff contends he answered the defendant's *First* Set of Interrogatories and Requests for Production fully and completely. However, the plaintiff argues he posed timely objections to the defendant's untimely discovery requests. The court's April 21, 2006, progression order provides:

> All depositions, whether or not they are intended to be used at trial, shall be completed by **August 31, 2006**. All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before that date.

**See** Filing No. 32 ¶ 1. Because the defendant's second set of discovery requests were served on August 11, 2006, a response was not due, under the federal rules, until thirty days later, which is over one week beyond the discovery deadline.

In addition, the plaintiff contends the defendant's second set of discovery is redundant in light of the plaintiff's responses to the first set of discovery and the plaintiff's deposition testimony. The plaintiff states the defendant knew he had applied for and

received social security benefits by the time of his deposition in April, 2006.  However, on August 31, 2006, the plaintiff forwarded an executed authorization for the release of Social Security records.  The plaintiff objects to any delay in proceeding to trial or continuing discovery.  The plaintiff argues a continuance would be prejudicial and that the defendant failed to show due diligence warranting such continuance.

Under Fed. R. Civ. P. 16(b) a progression order schedule "shall not be modified except upon a showing of good cause."  "In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.'"  **Thorn v. Blue Cross & Blue Shield of Fla., Inc.**, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (citations omitted) (**paraphrasing** Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)); **see Bradford v. DANA Corp.**, 249 F.3d 807, 809-10 (8th Cir. 2001).  This rules must be read in a manner to achieve the "just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1.

The defendant filed the motion to compel or for an extension of time three days before the expiration of the discovery deadline.  The defendant argues the plaintiff is not prejudiced by the late discovery because the plaintiff had only conducted written discovery (the depositions of the defendant's witnesses had not yet occurred) and the plaintiff had voluntarily agreed to produce his tax returns.  The defendant argues it would be prejudiced without the "these records" and has no other way to obtain them.  The defendant states it did not become aware that it needed additional information about the plaintiff's disability applications/payments until conducting research on that topic.  **See** Filing No. 61, Exhibit 1 - Aff. Adam Prochaska ¶ 13.  The defendant does not provide a date when counsel became aware of the need.  Further, the defendant explains it "has been extremely busy because of the summer construction season."  **Id.** ¶ 14.

The defendant fails to show good cause for the extension of the discovery deadline or a continuance of trial.  The defendant also failed to supply any argument or support for its motion to compel or for an extension of deadlines with regard to the requests for admissions or interrogatories.  The court finds no justification for compelling supplemental responses to such untimely served discovery.  Similarly, the defendant only argues the merits of its request for production of Social Security records and tax returns.  The plaintiff

has already provided a signed authorization for Social Security records. Therefore, the defendant's motion will be denied, with exception to the defendant's request related to the production of tax returns, as discussed below.

On August 8, 2006, the defendant's counsel sent an e-mail to the plaintiff's counsel stating:

> I would also like to get copies of Mr. Pirnie's tax returns and unemployment records from 2002 to the present. You have previously produced only years 1999, 2000, and 2001. Would you be willing to produce them voluntarily? If not, would you sign a release or agree to waive the 10 day notice requirement for a subpoena? Let me know.

**See** Filing No. 61, Exhibit 4.

The plaintiff's counsel replied by return e-mail, "We'll produce voluntarily – I'll have my assistant call him today about the information." *Id.* Exhibit 5. Shortly thereafter, the plaintiff's counsel sent another e-mail stating, "Actually, not sure if he will have unemployment records – feel free to subpoena them – we'll waive 10 day notice. We'll get you the tax returns." *Id.* Exhibit 4. However, on August 21, 2006, the plaintiff served an objection to the defendant's formal request for "complete tax returns for the past five years." *Id.* Exhibit 3 - Request for Production No. 3. Because the plaintiff agreed to produce the tax returns before the formal discovery was served, the plaintiff cannot now, in good faith, deny production. The plaintiff gives no legal or factual justification for the failure to produce the tax returns as agreed. Accordingly, the defendant's motion is granted as to Request for Production No. 3, but denied in all other respects.

### C.    Sanctions

With regard to motions to compel discovery responses, under Federal Rule of Civil Procedure 37(a)(4)(C):

> If the motion is granted in part and denied in part, the court . . . may, after affording an opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.

Under the circumstances present here and since both parties' motions were granted, in part and denied, in part, the court will not assess sanctions against either party. Upon consideration,

**IT IS ORDERED**:

1. The plaintiff's Motion to Compel (Filing No. 36) is granted Interrogatory Nos. 6 and 9, and Interrogatory No. 3 is granted in part as described above. The plaintiff's motion is denied with respect to Interrogatory No. 10 and Request for Production Nos. 2, 3, 4, 15, 20, 30, 32, 33, 34, 36, 40, 41 and 42. The defendant shall have until **September 27, 2006**, to produce supplemental responses to Interrogatory Nos. 3, 6 and 9.

2. Cather & Sons Construction, Inc.'s Motion to Compel and Motion for Enlargement of Time (Filing No. 60) is granted as to Request for Production No. 3, but denied in all other respects. The plaintiff shall have until **September 27, 2006**, to produce his complete tax returns for the past five years.

Dated this 21st day of September, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge